IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ALLAN T. HANIFEE, SR., *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No.: RDB-09-2381 |
| BOARD OF EDUCATION OF KENT COUNTY, *et al.*, | * | |
| | * | |
| Defendants. | | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## <u>MEMORANDUM OPINION</u>

This action arises out of an investigation into allegations raised by Gregory C. DiStefano ("DiStefano") that Plaintiff Allan T. Hanifee, Sr. ("Hanifee"), an elected member of the Board of Education of Kent County, Maryland ("the Board"), sexually harassed him between August 2004 and December 2006 while DiStefano was employed by the Board as a school psychologist. Allan Hanifee and his wife, Barbara Hanifee, (collectively, "Plaintiffs") bring this action against Defendants the Board of Education of Kent County, Sarah Brown (a current Board member), Jeffrey Grafton (the Board's Director of Human Resources), John Larrimore and James Brian Kirby (former Board members), Funk & Bolton, P.A., and its attorneys Charles D. MacLeod, Jefferson L. Blomquist (the Board's attorneys), and Max S. Stadfeld (an attorney who conducted an independent investigation of DiStefano's allegations). In Counts 1 through 12, Hanifee brings federal claims pursuant to 42 U.S.C. § 1983 for violations of free speech and due process under the First and Fourteenth Amendments of the Constitution. In Counts 13 through 24, Hanifee alleges claims for wrongful publication under Maryland state law. In Count 25, Hanifee and his wife bring state law claims for intentional infliction of emotional distress and loss of consortium. Pending before this Court are Defendants' Motions to Dismiss (Paper Nos. 24, 25, 26 and 27).

1

Defendants' submissions have been reviewed and no hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2008).  For the reasons stated below, this Court GRANTS Defendants' Motions to Dismiss (Paper Nos. 24, 25, 26 and 27), DIMISSES WITH PREJUDICE Counts 1 through 12, the federal claims over which it has jurisdiction, and DISMISSES WITHOUT PREJUDICE Counts 13 through 25, the state law claims as to which this Court declines to exercise supplemental jurisdiction.

## **<u>BACKGROUND</u>**

In July 2004, the Kent County Public School System ("KCPSS") hired Gregory C. DiStefano as its school psychologist.  Compl. at ¶ 26.  Shortly thereafter, a social relationship developed between DiStefano and Plaintiff Allan T. Hanifee, Sr., a publically elected official who was serving as President of the Board of Education of Kent County ("the Board").  *Id.*  On July 28, 2006, DiStefano filed a claim with KCPSS's Human Resources Department alleging that Hanifee had sexually harassed him.  *Id.* at ¶ 28.

The Board investigated DiStefano's contentions with the assistance of its counsel, Defendant Funk & Bolton, P.A., ("F&B") and two of F&B's attorneys, Defendants Charles D. MacLeod and Jefferson L. Blomquist.  KCPSS also hired Defendant Max Stadfeld, an attorney in private practice who had no affiliation with KCPSS, to conduct an independent investigation of the claims.  *Id.* Ex. 11.  Stadfeld compiled a report of his findings, ultimately concluding that sexual harassment had occurred.  Compl. Ex. 12 at 2.

On January 9, 2007, the Board referred the matter to the Maryland State Board of Education for review.  Compl. Ex. 11.  The Maryland State Board required Hanifee to avoid contact with DiStefano and discontinue participation in the school system's "Character Counts" program, a volunteer program by which Board members made presentations to students about

citizenship and moral values.  Compl. ¶ 4.  However, the Maryland State Board declined to remove Hanifee from the Board and subsequently closed the case.  Compl. Ex. 11.  Since Hanifee was an elected official, DiStefano's sexual harassment claim made the local news, and a series of newspaper articles followed the case.  *Id*. Exs. 1, 6-10, 14-16, 19-20.  Hanifee came to believe that these articles were evidence of a conspiracy to embarrass him into resigning from his position as an elected school board member, and that the conspiracy involved DiStefano, his fellow Board members and the lawyers representing the Board.

On August 6, 2007, Hanifee brought an action alleging 14 counts of "publication," which have been construed as claims for invasion of privacy, in the Circuit Court for Baltimore City. Hanifee filed that lawsuit against the Board's law firm, Defendant Funk & Bolton, P.A., and did not bring a cause of action against any other Defendant.  On September 20, 2007, F&B filed a motion to dismiss Hanifee's complaint, or in the alternative, for a venue transfer to the Circuit Court for Kent County, pursuant to Maryland Rule 2-327(c).  On December 7, 2007, the Circuit Court for Baltimore City held a hearing on these motions and reserved ruling on the motion to dismiss, but granted F&B's motion for venue transfer.  On May 19, 2008, the Circuit Court for Kent County held a hearing on F&B's motion to dismiss.  Following arguments by counsel, the court ordered that the case be dismissed without prejudice, finding that Hanifee's complaint failed as a matter of law to allege tortious conduct on the part of F&B, and therefore failed to state an action upon which relief could be granted.

On June 6, 2008, Hanifee filed an appeal to the Court of Special Appeals of Maryland. On May 22, 2009, the appellate court affirmed the two Circuit Court rulings in a detailed, 29-page decision.  *Hanifee v. Funk & Bolton, P.A.*, No. 00766 (Md. Ct. Spec. App. Sept. 2008) (Wright, J.).  The Court of Special Appeals affirmed the Circuit Court for Kent County's

dismissal without prejudice, reasoning that even if the facts as asserted were true, the invasion of privacy claims were still subject to at least three legal defenses: First, since Hanifee was a public figure, he was required to allege that the facts reported in the newspaper were false, and he had not done so. Second, the matters publicized were not highly offensive to a reasonable person. Third, Hanifee consented to the publication of the articles when his attorney hand-delivered a statement to the local newspaper acknowledging the claim and the investigation before any articles were published.

On September 10, 2009, Hanifee, joined by his wife, filed this 100-page, 25-count Complaint against the named Defendants alleging both federal and state causes of action. In Counts 1 – 6, Hanifee alleges the Board violated his free speech and due process rights under the First and Fourteenth Amendments of the United States Constitution. In Counts 7 – 12, Hanifee alleges all Defendants conspired to violate those rights. In Counts 13 – 24, Hanifee brings claims under Maryland state law for invasion of privacy against all Defendants. Finally, in Count 25, Hanifee, joined by his wife, alleges intentional infliction of emotional distress and loss of consortium.

**<u>STANDARD OF REVIEW</u>**

Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted, and therefore a Rule 12(b)(6) motion tests the legal sufficiency of a complaint.

A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Under the

plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action" in order to survive a motion to dismiss. *Id.* at 555. In deciding a motion to dismiss, a court may rely not only on the allegations of the complaint, but also on the contents of any documents it refers to that are integral to the allegations. *Philips v. Pitt County Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). A court may also consider "matters of public record" that are appropriate for judicial notice, including filings in prior proceedings. *Id.; Q Int'l Courier, Inc. v. Smoak*, 441 F.3d 214, 216 (4th Cir. 2006). A court is not required to accept as true "allegations that contradict matters properly subject to judicial notice." *Veney v. Wyche,* 293 F.3d 726, 730 (4th Cir. 2002).

To survive a Rule 12(b)(6) motion, the legal framework of the complaint must be supported by factual allegations that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 570. The Supreme Court has recently explained that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). On a spectrum, the plausibility standard requires that the pleader show more than a sheer possibility of success, although it does not impose a "probability requirement." *Id*. Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* At bottom, the court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief. *Id.*

## ANALYSIS

**I.      Federal Causes of Action (Counts 1 - 12)**

      **A.      Hanifee Fails to State a Claim Upon Which Relief Can be Granted**

In Counts One through Six, Hanifee alleges that the Board violated his federal constitutional "rights to petition, due process, speech, assembly and association" under the First and Fourteenth Amendments.  Compl. ¶¶ 73, 77, 81, 85.  In Counts 7 through 12, Hanifee brings claims of conspiracy to violate his First and Fourteenth Amendment rights against both the Board and the remaining Defendants – Sarah Brown, John Larrimore, James Brian Kirby, Jeffrey Grafton, F&B, Charles D. MacLeod, Jefferson L. Blomquist, and Max S. Stadfeld.[1]

      **1.      First Amendment Claims Against the Board (Counts 1 - 6)**

Hanifee alleges no facts describing how the Board violated his First Amendment rights. A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Even under a liberal reading of Hanifee's Complaint, the only reference he makes to his free speech rights is his general allusion to Md. Code Ann. Educ. § 6-203, which states: "Parties to the proceedings before the hearing examiner may make arguments before the county board."  Compl. ¶¶ 95, 99, 103, 107, 111.  However, the Board of Education of Kent County never conducted proceedings before a hearing examiner but merely investigated DiStefano's allegations and referred the matter to the Maryland State Board of Education for its review.  The Board could not have violated Hanifee's claimed right to make arguments at a proceeding before a hearing examiner since the Board did not conduct a hearing in the first place.  Accordingly, Hanifee does not bring a colorable First Amendment claim against the Board.

---

[1] Hanifee only alleges that the Board violated his constitutional rights.  His claims against the remaining Defendants – Brown, Larrimore, Kirby, Grafton, F&B, MacLeod, Blomquist, and Stadfeld –  are solely for conspiracy to commit those violations.

2.        **Due Process Claims Against the Board (Counts 1 - 6)**

Hanifee has not alleged that the Board deprived him of any cognizable liberty or property

interest.  In order to succeed on a procedural due process claim, a plaintiff must claim: 1) a

cognizable liberty or property interest, 2) the deprivation of that interest by some form of state

action, and 3) that the procedures employed were constitutionally inadequate.  *Iota Xi Chapter of*

*Sigma Chi Fraternity v. Patterson*, 566 F.3d 138, 145 (4th Cir. 2009); *Stone v. Univ. of Md. Med.*

*Sys. Corp.*, 855 F.2d 167, 172 (4th Cir. 1988).  A disciplinary action that does not terminate an

employee, or alter his rights or status as an employee, does not give rise to a procedural due

process claim.  *See Stiesberg v. California*, 80 F.3d 353, 356-57 (9th Cir. 1996).  The only

actions taken against Hanifee stemming from DiStefano's allegations and the subsequent

investigation were prohibiting him from participating in the voluntary Character Counts program

and from working with DiStefano.  The Board never removed Hanifee from his position, and it

never docked his pay, reduced his benefits or suspended him from performing any functions of a

member of the Board.  *See Fields v. Durham*, 909 F.2d 94, 98 (4th Cir. 1990) (there is no

deprivation of a property interest "so long as the employee receives payment of the full

compensation" for the position).  In fact, Hanifee remains on the Board to this day.  Thus,

Hanifee's due process claims must be dismissed because they are not supported by factual

allegations that "raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 570 .

3.        **Conspiracy Claims Against All Defendants (Counts 7 - 12)**[2]

---

[2] The conspiracy claims brought against Defendants in Counts 7 through 12 appear to be claims
for damages only, though in passing Hanifee requests declaratory relief "determining the
Stadfeld Report null and void" and requesting this Court enjoin Defendants from "future
unconstitutional or unlawful practices."  Compl. ¶ 113.  First, this Court cannot retrospectively
declare the Stadfeld Report null and void.  The report has already been reviewed by the
Maryland State Board so the issue is moot.  Second, Hanifee's request for an injunction is overly
broad and not an appropriate request for relief, thus it is unenforceable.  *See NLRB v. Express*
*Pub. Co.*, 312 U.S. 426, 435-36 (1941).

Hanifee has not alleged sufficient facts to state a claim for conspiracy against Defendants. In order to state a claim for civil conspiracy, Hanifee must allege that the Defendants acted "jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in [the Plaintiff's] . . . deprivation of a constitutional right." *Hinkle v. City of Clarksburg*, 81 F.3d 416, 421 (4th Cir. 1996). Hanifee must also allege that the Defendants "positively or tacitly came to a mutual understanding to try to accomplish a common and unlawful plan." *Id.* at 421. However, Hanifee does not make any allegations that there was an "unlawful plan," nor does he explain whether or how Defendants came to a mutual understanding to accomplish any such plan. Accordingly, Hanifee's conspiracy claims against Defendants fail because "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim. *Iqbal*, 129 U.S. at 1949.

**B.     Defendants' Legal Defenses**

Even if Hanifee had stated valid claims under the First or Fourteenth Amendments or for conspiracy, each Defendant raises legal defenses which preclude Hanifee from bringing a § 1983 claim against them.

**1.     Board of Education of Kent County**

Hanifee cannot bring an action under § 1983 against the Board because it is an arm of the state. 42 U.S.C. § 1983 provides that "[e]very *person* who, under color of any statute . . . subjects, or causes to be subjected, any citizen of the United States or other person . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the other party in an action at law, suit in equity, or other proper proceedings for redress . . ." (emphasis added). Thus, in order to be held liable under this statute, a defendant must be a "person." In *Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 71 (1989), the Supreme Court

held that "neither a State nor its officials acting in their official capacities are 'persons' under §

1983."  As established by Maryland case law, and consistently recognized by this Court, a

county school board is a state agency and therefore is not considered a person subject to suit

under 42 U.S.C. § 1983.  *See, e.g.*, *James v. Frederick County Pub. Schs.*, 441 F. Supp. 2d 755,

760 (D. Md. 2006) (dismissing 42 U.S.C. § 1983 claims against the Board of Education of

Frederick County because "[t]his court has made clear, consistently and repeatedly, that the

county boards of education of Maryland are state agencies"); *Dunn v. Baltimore County Bd. of

Educ.*, 83 F. Supp. 2d 611 (D. Md. 2000) (holding that Maryland school boards are state

agencies).

Hanifee concedes that Maryland courts have long considered state boards of education to

be state agencies.  However, he nonetheless asserts that he is entitled to pursue a § 1983 claim

against the Board because of the recent decision in *Bd. of Educ. v. Zimmer-Rubert*, 409 Md. 200,

206 (Md. Ct. Apps. 2009).  Hanifee appears to argue under *Zimmer-Rubert* that if an agency

functions as a municipal entity it "waive[s] its sovereign and Eleventh Amendment immunity so

that these claims may proceed in the Federal Court."  Paper No. 29 at 2.  However, *Zimmer-

Rubert* is inapplicable because it was brought under the Age Discrimination in Employment Act,

29 U.S.C. § 621, *et. seq*.  In *Zimmer-Rubert* the Maryland Court of Special Appeals addressed

only whether there was a statutory partial waiver of a county board of education's general

sovereign and Eleventh Amendment immunity.  *Id*. at 235.  In contrast, the case at bar was

brought under 42 U.S.C. § 1983, which cannot be expanded by the states, and furthermore has

never been amended by Congress to make it applicable to damages claims against the states or

their agencies.  *See* U.S. Const. amend. XI; *Regents of the Univ. of California v. Doe*, 519 U.S.

425, 429 (1997); *Quern v. Jordan*, 440 U.S. 332, 341 (1979) (confirming § 1983 contains no

valid abrogation of Eleventh Amendment immunity).  As the Supreme Court explained in *Will*,

Congress never intended to subject the states or state agencies to liability under 42 U.S.C. § 1983

in the first place.

In this case, the issue is not whether the Board is immune from liability under 42 U.S.C.

§ 1983, but whether the Board is a "person," and therefore subject to liability.  As Maryland

Courts have clearly established, the Board is not a "person," but instead is a state agency, and

therefore is not subject to any liability under 42 U.S.C. § 1983.  *See Bd. of Educ. v. Zimmer-

Rubert*, 409 Md. 200, 206 (Md. 2009) ("We have long considered county school boards to be

State agencies rather than independent, local bodies.").  Accordingly, Hanifee cannot bring a §

1983 claim against the Board.[3]

## 2.      Brown, Larrimore, Kirby and Grafton

Hanifee cannot bring an action for conspiracy to violate the First and Fourteenth

Amendments against current Board member Sarah Brown, former Board members John

Larrimore and James Brian Kirby, and the Board's Director of Human Resources, Jeffrey

Grafton, in their individual capacities under 42 U.S.C. § 1983 because they have qualified

immunity and legislative immunity.  Qualified immunity provides protection for government

officials sued in their individual capacities "insofar as their conduct does not violate clearly

established constitutional rights of which a reasonable person would know."  *Harlow v.*

*Fitzgerald*, 457 U.S. 800, 818 (1982).  The right that an official is alleged to have violated must

---

[3] Hanifee appears to bring claims against Brown, Grafton, Larrimore, and Kirby in their official capacity.  Such "official capacity" claims are essentially claims against the Board itself.  *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (holding that "official capacity" claims should be treated as suits against a state agency itself because such claims "generally represent only another way of pleading an action against an entity of which an officer is an agent").  Accordingly, Hanifee cannot bring a claim under § 1983 against Brown, Grafton, Larrimore and Kirby in their official capacities.  *See Lewis v. Bd. of Educ.*, 262 F. Supp. 2d 608, 612-14 (D. Md. 2003) (dismissing claims brought against the Board of Education of Talbot County and school officials sued in their official capacities because they are state agencies and agents).

be "clearly established," meaning that "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). Initially, a plaintiff bears the burden of demonstrating that a constitutional right was violated. *Moxley v. The Town of Walkersville*, 601 F. Supp. 2d 648, 665 (D. Md. 2009). As this Court noted in *Moxley,* the "Supreme Court has repeatedly . . . stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Id*. at 664-65 (quotations omitted). Hanifee does not make any specific allegations regarding individual conduct by Defendants Brown, Grafton, Larrimore and Kirby that violated these rights. Indeed, he cannot do so because in Maryland, individual Board members and employees have no authority to take actions against other Board members. Md. Code. Ann., Educ. §§ 4-101, *et seq.*; *see also Hecht v. Resolution Trust Corp.*, 333 Md. 324, 332 (1994) ("[T]he board of directors acts as a unit. A director may not act alone for the corporation without authority from the board; rather, a director acts only as a member of the board whose identity is merged into the board."). Thus, Hanifee does not allege enough facts to state a claim that any of these individuals violated his "clearly established" rights.

Even if Hanifee made allegations regarding specific conduct by these Board members or employees, the legal uncertainties these individuals confronted in this case do not involve the kind of clearly established law that a reasonable school board member should be aware of such that he or she would be denied the protections of qualified immunity. The "clearly established" prong of the qualified immunity analysis turns on the "objective legal reasonableness of the action, assessed in light of the legal rules that were clearly established at the time it was taken." *Wilson v. Layne*, 526 U.S. 603, 614 (1999) (quotations and citations omitted). The sexual harassment allegations DiStefano brought against Hanifee involved a unique set of

circumstances that was likely unfamiliar to the school board members at the time they were made. The Board had no statutory or established procedures to guide them. Moreover, despite the uncertainties of the issues involved, the Board appears to have acted reasonably in addressing DiStefano's allegations.

Brown, Larrimore, Kirby and Grafton are also protected by legislative immunity. School board members are entitled to absolute immunity from § 1983 liability for "all actions taken in the sphere of legitimate legislative activity." *Grimes v. Miller*, 448 F. Supp. 2d 664, 667 (D. Md. 2006) (finding statements made by a town councilman in the course of dealing with a sexual harassment complaint against a council member to fall within the privilege of legislative immunity). In the Fourth Circuit, a legislative body's discipline of one of its members is covered by legislative privilege. *Whitener v. McWatters*, 112 F.3d 741, 741 (4th Cir. 1997). In *Whitener*, the plaintiff, a member of the local board of supervisors, was disciplined by his fellow board members for making inappropriate comments. The Court dismissed Whitener's subsequent § 1983 lawsuit, concluding that a local governmental body disciplining one of its members is a "core legislative act" and therefore protected by legislative immunity. Accordingly, Hanifee cannot bring these claims against Brown, Larrimore, Kirby and Grafton in their individual capacities.

### 3.    Funk & Bolton, MacLeod, Blumquist

Hanifee cannot bring a claim for conspiracy against F&B and its attorneys MacLeod and Blumquist because they were not acting "under color of state law" as required to state a cause of action under § 1983. *See West v. Atkins*, 487 U.S. 42, 48 (1988). In *Horen v. Bd. of Educ.*, 594 F. Supp. 2d 833, 841 (N.D. Ohio 2009), a case similar to this one, plaintiffs brought a § 1983 claim for alleged violations of due process and equal protection rights against a public school

board's law firm and the law firm's attorney.  That court held that "attorneys do not become state actors by representing state or local governments," therefore the law firm and its attorneys were not subject to § 1983 liability.  *Id.* (citing *Polk County v. Dodson*, 454 U.S. 312, 321 (1981) (internal citations omitted)).  The *Horen* court also rejected the plaintiffs' argument that "even if defendants are not state actors, they are still liable under § 1983 because they conspired with state actors," explaining that an attorney representing a client cannot conspire within the attorney-client relationship.  As in *Horen*, F&B and its attorneys were not acting "under color of state law" merely because they provided legal services to the Board, and they were incapable of conspiring with other state actors.  Accordingly, Hanifee cannot bring a claim for civil conspiracy against F&B, MacLeod, and Blumquist.

### 4.    Stadfeld

Hanifee also cannot bring an action against Stadfeld, the private attorney hired by the KCPSS, for conspiracy because he was not a person acting under "color of state law" as required by § 1983 and cannot conspire within the attorney-client relationship.  Though Stadfeld's role was different than the role played by the F&B attorneys, he also merely provided legal services to the Board.  Notably, Hanifee describes Stadfeld as a "hearing examiner" in his Complaint.  Compl. ¶ 16.  Hanifee does not explain why he considered Stadfeld a hearing examiner, and there is no evidence that Stadfeld ever acted in that capacity.  Stadfeld's only function throughout Hanifee's disciplinary proceedings was to investigate the sexual harassment allegations and write a report to the Board about his findings – a report upon which the State Board ultimately acted.  Stadfeld's investigation was not a hearing as described under Maryland law.  Md. Code Ann., Educ. §§ 6-202, 4-205, 7-305.  Furthermore, the Maryland State Board consistently referred to Stadfeld's actions as an "investigation" and not a "hearing."  Paper No.

24, Ex. 18.  Accordingly, Hanifee's claims against Stadfeld must fail because he was only

providing legal services to the Board and was not acting under color of state law.

## II.        State Law Causes of Action (Counts 13 - 25)

In Counts 13 through 24 of the Complaint, Hanifee asserts state law claims for

"publication," or invasion of privacy, against all Defendants.  Compl. ¶¶ 91, 95, 99, 103, 107,

and 111.  In Count 25, Hanifee and his wife bring state law claims for intentional infliction of

emotional distress and loss of consortium against all Defendants.  Compl. ¶¶ 200, 201.  Hanifee

requests this Court exercise supplemental jurisdiction and rule on these state law claims,

contending that he cannot receive a fair trial in state court.

The Defendants F&B, MacLeod and Blomquist contend that principles of issue

preclusion prohibit Hanifee from relitigating his invasion of privacy claims because they are

based upon the same newspaper articles and actions which provided the basis for Hanifee's

publication claims that were previously litigated in Maryland state courts.  As previously

explained, the Circuit Court for Kent County originally dismissed Hanifee's publication claims

without prejudice.  On appeal, the Maryland Court of Special Appeals held that Hanifee could

not recover because he had not proven that the newspaper reports were false, the articles were

not "highly offensive to a reasonable person," and he consented to the publication.  *See Hanifee*

*v. Funk & Bolton, P.A.*, No. 00766 (Md. Ct. Spec. App. Sept. Term 2008) (Wright, J.).

This Court must apply Maryland law when determining the preclusive effect of a

Maryland state court judgment.  *O'Reilly v. County Bd. of Appeals,* 900 F.2d 789, 791 (4th Cir.

1990).  The purpose of issue preclusion, also known as collateral estoppel, is:

> to avoid the expense and vexation of multiple lawsuits, conserve judicial
> resources, and foster reliance on judicial action by minimizing the possibilities of
> inconsistent decisions.  Or, stated differently, collateral estoppel is based upon the

> judicial policy that the losing litigant deserves no rematch after a defeat fairly
> suffered, in adversarial proceedings, on issues raised…

*The Standard Fire Ins. Co. v. Berrett*, 395 Md. 439, 457 (2006) (internal quotations and citations omitted).  Maryland law recognizes defensive, non-mutual collateral estoppel, which applies, "if the defendant seeks to preclude the plaintiff from relitigating an issue that the plaintiff previously litigated unsuccessfully against *other defendants*."  *Id*. at 457-58 (emphasis added).  Maryland's four part test for determining whether the doctrine of defensive, non-mutual collateral estoppel is:

1. Was the issue decided in the prior adjudication identical to the one presented in this action?

2. Was there a final judgment on the merits?

3. Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication?

4. Was the party against whom the plea is asserted given a fair opportunity to be heard on the issue?

*Id*. at 458.

In this case, there is an open question with respect to whether the decision of the Court of Special Appeals constituted a final judgment on the merits.  The preclusive effect of an appellate decision arising out of a dismissal *without prejudice* is a novel issue under Maryland law. Under principles of comity the resolution of that issue should await a decision of the Maryland Courts.  *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966) (cautioning that "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a superfooted reading of applicable law.").  As no federal question remains in this litigation, this court therefore declines to exercise

supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(c)(3).

Accordingly, Plaintiffs' state law claims, Counts 13 through 25, are dismissed without prejudice.

<u>**CONCLUSION**</u>

For the reasons stated above, this Court GRANTS Defendants' Motions to Dismiss (Papers No. 24, 25, 26 and 27) with respect to Plaintiffs' federal claims and DISMISSES WITH PREJUDICE Counts 1 through 12.  This Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state claims regarding invasion of privacy, intentional infliction of emotional distress and loss of consortium.  Accordingly, this Court DISMISSES WITHOUT PREJUDICE Counts 13 through 25.

A separate Order follows.


Dated: February 24, 2010                          /s/_____
                                                              Richard D. Bennett
                                                              United States District Judge